Brian R. Mason, Esq. (SBN: 257420)
bmason@thegomezfirm.com
N. Jessica Lujan, Esq. (SBN: 312394)
jlujan@thegomezfirm.com
**GOMEZ TRIAL ATTORNEYS**
755 Front Street
San Diego, California 92101
Tel: (619) 237-3490
Fax: (619) 237-3496
E-Service: Teammason@thegomezfirm.com

Attorneys for Plaintiff, MAURICIO BERNAL

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICIO BERNAL, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN DIEGO, a governmental entity; KELLY A. MARTINEZ, an individual; and DOES 1 through 100.<br><br>Defendants. | Case No.: '24CV1668 W    DEB<br><br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**<br><br>1. Violations of Fourteenth Amendment pursuant to 42 U.S.C. § 1983<br>2. Violations of Eighth Amendment pursuant to 42 U.S.C. § 1983<br>3. Violations of Civil Rights (Unconstitutional Practice or Procedure)<br>4. Violation of Civil Rights (Failure to Train and Supervise)<br>5. Intentional Infliction of Emotional Distress<br>6. Battery<br>7. California Civil Code § 52.1 |

Plaintiff MAURICIO BERNAL ("Plaintiff"), by and through his counsel of record, files this Complaint against Defendants COUNTY OF SAN DIEGO, and DOES 1-100, inclusive (collectively, "Defendants"), for violations of federal civil rights and state constitutional rights:

# PARTIES

1. Plaintiff, MAURICIO BERNAL is, and was, at all times mentioned herein, a resident and private citizen of the State of California.

2. Plaintiff is informed and believes and thereon alleges that Defendant SAN DIEGO SHERIFF'S DEPARTMENT ("County of San Diego") is, and was, at all times mentioned herein, a duly constituted governmental entity in the State of California, and is, or was, the employer of DOES 1 through 100.

3. Plaintiff is informed and believes and thereon alleges that Defendant KELLY A. MARTINEZ, ("Defendant Martinez") is, and was, at all times mentioned herein, a policy maker and/or supervisor and acting under color of law within the course and scope of her employment and offices as the Sheriff of the San Diego County Sheriff's Department ("SDCSD"). She is being sued individually and in her official capacity.

4. Plaintiff is informed and believes and thereon alleges that Defendant DOES 1 – 10 were at all times mentioned herein, citizens of the State of California, and acting under color of law within the course and scope of their employment as correctional officers of the County of San Diego. Defendants DOES 1 – 10 were involved in the incident which is the subject of this Complaint. They are being sued individually and in their official capacity.

5. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 100, inclusive, and, therefore, sue these Defendants by such fictitious names. Plaintiff will amend this Complaint to insert their true names and capacities when ascertained. Plaintiff is informed and believe and therefore alleges that each of these fictitiously named Defendants are legally responsible for the events and happenings referred to herein, and legally hereinafter alleged were proximately caused by the acts of such Defendants, and each of them.

6. This case arises out of an injury to Plaintiff which occurred within the County of San Diego at the San Diego Central Jail located at 1173 Front Street, San Diego, CA 92101.

7. All of the facts, acts, omissions, events, and circumstances herein mentioned and described occurred in the County of San Diego, State of California, and the corporate and/or entity Defendants, and each of them, are residents of the County of San Diego, State of California, and/or have their principal place of business in said County and State, and/or are doing business in said County and State.

8. Plaintiff is informed and believes and thereon alleges that all Defendants employed by Defendant County of San Diego were, at all times relevant and material to this Complaint, acting within the course and scope of their employment duties for Defendant County of San Diego, and under color of law.

9. Plaintiff is informed and believes and thereon alleges that each of the individual Defendants' acts and/or omissions were known to, discovered by, approved by, and/or ratified by Defendant County, by and through their policy makers, decision makers, officials, officers, and/or supervisors, including Defendant Martinez and all applicable DOE Defendants.

10. Plaintiff is informed, believes, and thereupon alleges that all Defendants employed by DOE Defendants, at all times relevant and material to this Complaint, were acting within the course and scope of their employment duties for DOE Defendants, under color of law. Plaintiff is informed, believes, and thereupon alleges that each of the individual Defendants' acts were known to, discovered by, approved by, and/or ratified by DOE Defendants, by and through policy makers, decision makers, and/or supervisors, including applicable DOE Defendants.

11. Plaintiff is informed, believes, and thereupon alleges that officials, supervisors, policy makers, and other individuals with the authority to set or modify municipal and/or departmental policies, of Defendant County of San Diego and/or DOE Defendants, participated in, approved of, ratified, and/or failed to prevent the acts by all Defendants and DOE Defendants of which Plaintiff complains herein.

12. Plaintiff is informed, believes, and thereon alleges that at all times herein mentioned, each of the Defendants-including officials, supervisors, watch commanders,

and other policy makers from Defendant County of San Diego and/or DOE Defendants and their agents-was the agent, employee, or co-conspirator of each other, some, or all of their Co-Defendants. Plaintiff is informed, believes, and thereon alleges that each of the Defendants, acting individually and/or in concert with each other, engaged in a common plan to wrongfully deprive Plaintiff of his respective rights to security in person and effects, freedom from excessive force, and due process of law, among others described herein. Each and all of the things done by each Defendants, and each of them, against Plaintiff, as mentioned in this entire Complaint, were done, partially if not entirely, because of Plaintiffs expressive conduct. In doing each and all of the things herein mentioned, or neglecting or intentionally failing to rectify said misconduct, each and all Defendants were acting pursuant to a policy and within the scope of such agency, employment, and conspiracy and with full permission, knowledge, approval, ratification, and support of each other.

## JURISDICTION AND VENUE

13.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, and 1367, as it arises under 42 U.S.C. §§ 1983, 1988 and California state law.

14.   This Court has personal jurisdiction over all Defendants as Plaintiff is informed and believes and thereon alleges that each is a resident of California.

15.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), as the events or omissions giving rise to the claim occurred in San Diego, County, which is within this judicial district.

16.   On January 22, 2024, within six months of the conduct of the Defendants giving rise to this lawsuit, and which caused Plaintiff's injuries, Plaintiffs timely complied with the California Government Tort Claims Act under California Government Code section 910 by filing a claim for damages with the County of San Diego.  The County acknowledged receipt of the Claim on January 29, 2024.

17. On March 19, 2024, the County rejected Plaintiff's claim. Plaintiff has therefore complied with the California Government Tort Claims Act and timely filed this Complaint07.

## FACTS COMMON TO ALL CAUSE OF ACTION

18. Plaintiff repeats, realleges, and incorporates each of the preceding paragraphs as though set forth in full herein.

19. On or about July 25, 2023, Plaintiff was an inmate at the San Diego Central Jail located at 1173 Front Street, San Diego, CA 92101 ("Subject Jail") when Defendant DOES 1 – 5 ordered Plaintiff and other inmates to line up against a wall on the eighth floor to be patted down.

20. The wall where Plaintiff was ordered to line up against stood near a metal sliding door. Plaintiff, specifically, was ordered to stand past the clearly delineated red line that is meant to show the boundary of where it is safe for inmates to stand.

21. Despite this clear red line, DOES 1 – 5 forcefully and aggressively directed Plaintiff to the location where Plaintiff was to stand, past the red line, and Plaintiff complied.

22. As Plaintiff stood, waiting to be patted down, DOES 6 – 10 shut the metal sliding door on Plaintiff's dominant right hand, amputating his thumb and permanently injuring his index finger ("Subject Incident").

23. After the Subject Incident, DOES 1 – 10 waived the inmates to continue to move and failed to address Plaintiff's cries for help as he stood in agonizing pain and shock. In fact, DOES 1 – 10 mocked Plaintiff and said, "It's not so bad."

24. Days after the Subject Incident, DOES 1 – 20 refused to allow Plaintiff to get his finger treated by the infirmary every day, like he was supposed to. They also refused to give Plaintiff any other medical documents or updates regarding Plaintiff's medical condition or the needed care for his fingers.

25. One or two days after the Subject Incident, DOES 1 – 20 ordered Plaintiff to work at the Subject Jail by taking out the trash, all in conscious disregard of the open and exposed wound on Plaintiff's severed thumb.

26. Afterwards, and for the remainder of the time Plaintiff was incarcerated, DOES 1 – 20 would taunt Plaintiff and give him a "thumbs up" knowing Plaintiff's thumb was amputated by DOES 6 – 10.

27. DOES 1 – 20 drew Plaintiff's severed finger on the sliding door with what appeared to be a marker.

28. The constant mockery after having his thumb severed, all increased Plaintiff's emotional distress, angst, and mental suffering through the remainder of his time at the Subject Jail.

29. Astonishingly, even as soon as one day after the Subject Incident, DOES 1 – 20 continued to order inmates to line up at the exact spot where Plaintiff's thumb was amputated, even past the clearly delineated red line.

30. Plaintiff is informed and believes and thereon alleges that the detention, excessive force, battery, and ultimate amputation of Plaintiff's thumb and permanent injury to Plaintiff's index finger were a an expression of Defendants', and each of their, animus towards Plaintiff, which only continued after the Subject Incident through mockery, subpar medical care and conscious disregard for his severed thumb, and their refusal to provide Plaintiff information regarding his medical condition and treatment.

31. Plaintiff is informed and believes and thereon alleges that all these incidents are the result of the failure of the County of San Diego to supervise, train, and discipline its officers as to acts such as those complained of herein, and that such failure is in the face of an obvious likelihood that individuals' like Plaintiff's constitutional rights have been, and are likely to be, violated without appropriate supervision, training, and discipline.

32. As a direct and legal result of the Subject Incident, and due to each and every act and/or omission of Defendants, and each of them, Plaintiff suffered: violation of civil

rights, loss of enjoyment of life, loss of privacy, loss of personal liberty and freedom, and economic and non-economic injuries, including past and future medical expenses, past and future loss of earnings, as well as past and future general damages including physical pain, mental suffering, loss of enjoyment of life, physical impairment, inconvenience, grief, anxiety, humiliation, emotional distress, and other foreseeable damages to be proven at the time of trial, but in excess of any jurisdictional limit of this Court.

33. Plaintiff endures, and continues to endure, substantial pain and suffering due to each and every act and omission of all Defendants, and each of them.

## FIRST CAUSE OF ACTION

*Violation of Civil Rights (42 U.S.C. § 1983)*

*Fourth Amendment (Excessive Force)*

*By Plaintiff Against all Defendants*

34. Plaintiff repeats, realleges, and incorporates each of the preceding paragraphs as though set forth in full herein.

35. This cause of action arises under 42 U.S.C. § 1983, wherein Plaintiff seeks to redress a deprivation under color of law of a right, privilege, or immunity secured to him by the Fourth Amendment to the United States Constitution.

36. The Fourth Amendment guarantees Plaintiff's protection against excessive force by law enforcement officers.

37. The unlawful, unwanted, and harmful touching of Plaintiff by the Defendants constituting a battery and excessive force, was without lawful basis, reasonable suspicion, probable cause, or warrant, or any recognized exceptions thereto, or justification or excuse, and was thus an unreasonable violation of Plaintiff's Fourth Amendment rights.

38. These acts were deliberate and in contemplation of intimidating Plaintiff. The correctional officers acted with malice and oppression and Plaintiff was detained, mocked, and battered by DOES 1 – 20, and each of them, who were government agents, all acting under the guise of their sworn duties as officers of the law.

39. As a direct and legal result of the Subject Incident, and due to each and every act and/or omission of Defendants, and each of them, Plaintiff suffered: violation of civil rights, loss of enjoyment of life, loss of privacy, loss of personal liberty and freedom, and economic and non-economic injuries, including past and future medical expenses, past and future loss of earnings, as well as past and future general damages including physical pain, mental suffering, loss of enjoyment of life, physical impairment, inconvenience, grief, anxiety, humiliation, emotional distress, and other foreseeable damages to be proven at the time of trial, but in excess of any jurisdictional limit of this Court.

## SECOND CAUSE OF ACTION
### *Violation of Civil Rights (42 U.S.C. § 1983)*
### *Eighth Amendment (Cruel & Unusual Punishment)*
### *By Plaintiff Against all Defendants*

40. Plaintiff repeats, realleges, and incorporates each of the preceding paragraphs as though set forth in full herein.

41. This cause of action arises under 42 U.S.C. § 1983, wherein Plaintiff seeks to redress a deprivation under color of law of a right, privilege, or immunity secured to him by the Eighth Amendment to the United States Constitution.

42. The Eighth Amendment guarantees Plaintiff's protection against cruel and unusual punishment.

43. The conditions under which Plaintiff was incarcerated posed a substantial risk of serious harm and he was deprived of the minimal civilized measure of life's necessities while under the care of Defendants, and each of them.

44. These acts were deliberate and in contemplation of intimidating Plaintiff. The correctional officers acted with malice and oppression and Plaintiff was detained, mocked, and battered by DOES 1 – 20, and each of them, who were government agents, all acting under the guise of their sworn duties as officers of the law.

45. As direct and legal result of the Subject Incident, and due to each and every act and/or omission of Defendants, and each of them, Plaintiff suffered: violation of civil

rights, loss of enjoyment of life, loss of privacy, loss of personal liberty and freedom, and economic and non-economic injuries, including past and future medical expenses, past and future loss of earnings, as well as past and future general damages including physical pain, mental suffering, loss of enjoyment of life, physical impairment, inconvenience, grief, anxiety, humiliation, emotional distress, and other foreseeable damages to be proven at the time of trial, but in excess of any jurisdictional limit of this Court.

## THIRD CAUSE OF ACTION

*Violation of Civil Rights (42 U.S.C. § 1983)*

*Fourteenth Amendment (Malicious Prosecution/Substantive Due Process)*

*By Plaintiff Against all Defendants*

46. Plaintiff repeats, realleges, and incorporates each of the preceding paragraphs as though set forth in full herein.

47. This cause of action arises under 42 U.S.C. § 1983, wherein Plaintiff seeks to redress a deprivation under color of law of a right, privilege, or immunity secured to him by the Fourteenth Amendment to the United States Constitution.

48. The Fourteenth Amendment guarantees Plaintiff substantive due process of law. Substantive Due Process protects against government action that "affirmatively place[s] the plaintiff in a position of danger, that is, where state action creates or exposes an individual to a danger which eh or she would not have otherwise faced." (*Kennedy v. City of Ridgefield* (9th Cir. 2006) 439 F.3d 1055, 1061.)

49. The complained of acts of Defendants, and each of them, were shocking to the conscience, beyond the bounds of acts tolerable in a civilized society, and so egregious and outrageous that they may fairly be said to shock the contemporary conscience.

50. The correctional officers acted with malice and oppression and Plaintiff was detained, mocked, and battered by DOES 1 – 20, and each of them, who were government agents, all acting under the guise of their sworn duties as officers of the law.

51. The acts of Defendants, and each of them, were deliberate, and in contemplation of intimidating Plaintiff and in reckless disregard for Plaintiff's safety and affirmatively placed Plaintiff in known or obvious danger.

52. As direct and legal result of the Subject Incident, and due to each and every act and/or omission of Defendants, and each of them, Plaintiff suffered: violation of civil rights, loss of enjoyment of life, loss of privacy, loss of personal liberty and freedom, and economic and non-economic injuries, including past and future medical expenses, past and future loss of earnings, as well as past and future general damages including physical pain, mental suffering, loss of enjoyment of life, physical impairment, inconvenience, grief, anxiety, humiliation, emotional distress, and other foreseeable damages to be proven at the time of trial, but in excess of any jurisdictional limit of this Court.

### FOURTH CAUSE OF ACTION

*Violation of Civil Rights (42 U.S.C. § 1983)*

*Unconstitutional Policy, Custom, or Procedure*

*By Plaintiff Against Defendants Baca and County*

53. Plaintiff repeats, realleges, and incorporates each of the preceding paragraphs as though set forth in full herein.

54. This cause of action arises under 42 U.S.C. § 1983, wherein Plaintiff seeks to redress a deprivation under color of law of a right, privilege, or immunity secured to him by the Eight and Fourteenth Amendments to the United States Constitution.

55. Defendant County of San Diego violated Plaintiff's constitutional rights, as alleged *supra*, by creating and maintaining the following unconstitutional customs and practices, *inter alia*:

   i. Plaintiff is informed, and believes, and thereon alleges that Defendant County of San Diego has a policy, custom, and/or practice of harassing, intimidating, and threatening to physically batter persons who are inmates at the Subject Jail;

    ii.    Plaintiff is informed, and believes, and thereon alleges that Defendant County of San Diego has a policy, custom, or practice of inadequately investigating their correctional officer employees upon complaints of misconduct or Claims for Damages involving police misconduct;

    iii.    Plaintiff is informed, and believes, and thereon alleges that Defendant County of San Diego has a policy, custom, or practice of failing to discipline, failing to investigate, and of retaining personnel who falsely detain persons in violation of constitutional rights;

    iv.    Plaintiff is informed, and believes, and thereon alleges that Defendant County of San Diego has a policy, custom, or practice of condoning, ratifying, failing to discipline, failing to investigate, and or retaining, personnel who use excessive and/or unjustified force upon inmates with whom they come into contact in violation of constitutional rights.

56. The aforementioned policies or customs caused and were the moving force and/or the direct and legal cause behind the violations of Plaintiff's constitutional rights at issue in this case.

57. Plaintiff is informed, and believes, and thereon alleges that these policies, practices, customs, and procedures are intentional and/or the result of deliberate indifference on the part of Defendant County of San Diego, by and through its decisionmakers.

58. As direct and legal result of the Subject Incident, and due to each and every act and/or omission of Defendants, and each of them, Plaintiff suffered: violation of civil rights, loss of enjoyment of life, loss of privacy, loss of personal liberty and freedom, and economic and non-economic injuries, including past and future medical expenses, past and future loss of earnings, as well as past and future general damages including physical pain, mental suffering, loss of enjoyment of life, physical impairment, inconvenience, grief, anxiety, humiliation, emotional distress, and other foreseeable damages to be proven at the time of trial, but in excess of any jurisdictional limit of this Court.

# FIFTH CAUSE OF ACTION

*Violation of Civil Rights (42 U.S.C. § 1983)*

*Failure to Train, Supervise, Discipline, or Correct*

*By Plaintiff Against Defendants Baca and County*

59. Plaintiff repeats, realleges, and incorporates each of the preceding paragraphs as though set forth in full herein.

60. This cause of action arises under 42 U.S.C. § 1983, wherein Plaintiff seeks to redress a deprivation under color of law of a right, privilege, or immunity secured to him by the Eight and Fourteenth Amendments to the United States Constitution.

61. Defendant County of San Diego violated Plaintiff's constitutional rights, as alleged *supra*, by creating and maintaining the following unconstitutional customs and practices, *inter alia*:

   i. Plaintiff is informed, and believes, and thereon alleges that Defendant County of San Diego has ample reason to know based upon reports, claims for damages, *inter alia*, that County of San Diego correctional officers and/or employees regularly engage in the misdeeds set forth in this entire Complaint;

   ii. Plaintiff is informed, and believes, and thereon alleges that Defendant County of San Diego has failed to properly train, supervise, and/or discipline employees, officers, managers, correctional officers, and supervisors within the County of San Diego as to the legal requirements and protections applicable to persons as set forth in the United States and California Constitutions, and other laws; and

   iii. Plaintiff is informed, and believes, and thereon alleges that said failures are intentional and/or the result of deliberate indifference on the part of the County of San Diego, by and through its decision makers.

62. The aforementioned policies, customs and/or practices caused and were the moving force and/or direct and legal cause behind the violations of Plaintiff's constitutional rights at issue in this case.

63. As direct and legal result of the Subject Incident, and due to each and every act and/or omission of Defendants, and each of them, Plaintiff suffered: violation of civil rights, loss of enjoyment of life, loss of privacy, loss of personal liberty and freedom, and economic and non-economic injuries, including past and future medical expenses, past and future loss of earnings, as well as past and future general damages including physical pain, mental suffering, loss of enjoyment of life, physical impairment, inconvenience, grief, anxiety, humiliation, emotional distress, and other foreseeable damages to be proven at the time of trial, but in excess of any jurisdictional limit of this Court.

## SIXTH CAUSE OF ACTION

### *Intentional Infliction of Emotional Distress*
### *By Plaintiff Against all Defendants*

64. Plaintiff repeats, realleges, and incorporates each of the preceding paragraphs as though set forth in full herein.

65. This cause of action arises under the general laws of the State of California, inclusive of California Civil Code section 1714.

66. Plaintiff complied with the California Tort Claims Act.

67. As a direct and legal result of Defendants', and each of their, deliberately indifferent, shocking and oppressive acts and/omissions as alleged throughout this entire Complaint, Defendants caused Plaintiff to suffer severe emotional distress, thereby harming Plaintiff.

68. Defendant County of San Diego is liable to Plaintiff for the acts of its public employees, the individual Defendants herein, for conduct and/or omissions herein alleged, pursuant to the doctrine of *Respondeat Superior*, codified in California Government Code section 815.2.

/ / /

## SEVENTH CAUSE OF ACTION

### *Battery*

### *By Plaintiff Against all DOES 1 through 10*

69. Plaintiff repeats, realleges, and incorporates each of the preceding paragraphs as though set forth in full herein.

70. This cause of action arises under the general laws of the State of California.

71. Plaintiff complied with the California Tort Claims Act.

72. Plaintiff was touched by the County of San Digo correctional officers in a harmful and unwanted manner.

73. As a direct and legal result of Defendants' acts and/omissions as alleged throughout this entire Complaint, Defendants battered Plaintiff, causing him permanent and severe emotional and physical injuries – including the amputation of his thumb.

74. Defendant County of San Diego is liable to Plaintiff for the acts of its public employees, the individual Defendants herein, for conduct and/or omissions herein alleged, pursuant to the doctrine of *Respondeat Superior*, codified in California Government Code section 815.2.

## EIGHTH CAUSE OF ACTION

### *Violation of California Civil Code § 52.1*

### *By Plaintiff Against all Defendants*

75. Plaintiff repeats, realleges, and incorporates each of the preceding paragraphs as though set forth in full herein.

76. Defendants, and each of them, violated Plaintiff's clearly established rights under the United States and California Constitutions, as well as state and federal law, which include, but are not limited to, the following:

    i.    Eighth Amendment to the United States Constitution

    ii.    Fourteenth Amendment to the United States Constitution

    iii.    California Constitution, Article 1, Section 1 (Right to Happiness and Privacy); and Section 7 (Right to Due Process)

77. Defendants violated Plaintiff's clearly established rights under United States and California law by threats, intimidation, and/or coercion.  Further, each act and/or violation of rights done by each Defendant to Plaintiff was done by way of threats, intimidation, and/or coercion beyond that inherent in each act and/or violation of rights itself.

78. As a result of the Subject Incident and the foregoing violations of law, as described herein, Plaintiff suffered economic and non-economic injuries, including past and future medical expenses, past and future loss of earnings, as well as past and future general damages including physical pain, mental suffering, loss of enjoyment of life, physical impairment, inconvenience, grief, anxiety, humiliation, emotional distress, and other foreseeable damages to be proven at the time of trial, but in excess of any jurisdictional limit of this Court.

79. Defendant County of San Diego is liable to Plaintiff for the acts of its public employees, the individual Defendants herein, for conduct and/or omissions herein alleged, pursuant to the doctrine of *Respondeat Superior*, codified in California Government Code section 815.2.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgement against Defendants, and each of them, as follows:

1. For past and future general damages according to proof;
2. For special damages, including but not limited to: past and future medical expenses, incidental expenses, future lost wages and future lost earning capacity, according to proof;
3. For punitive damages pursuant to 42 U.S.C. section 1983 and California Civil Code section 3294 and 52.1(b), and any other applicable laws or statutes, in an amount sufficient to deter;
4. For statutory damages, according to proof;

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

5. For reasonable attorneys' fees pursuant to 42 U.S.C. sections 1983, 1988; California Civil Code sections 52.1, 52(b)(3); California Code of Civil Procedure section 1025.1; and any other applicable provisions;

6. For pre-judgment interest as provided by law; and

7. For such other and further relief as the court may deem proper.

DATED: September 18, 2024                **GOMEZ TRIAL ATTORNEYS**

*[signature]*

BRIAN R. MASON, ESQ.
N. JESSICA LUJAN, ESQ.

Attorneys for Plaintiff,
MAURICIO BERNAL

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury in this matter.

DATED: September 18, 2024          **GOMEZ TRIAL ATTORNEYS**

*[signature]*

BRIAN R. MASON, ESQ.
N. JESSICA LUJAN, ESQ.

Attorneys for Plaintiff,
MAURICIO BERNAL