UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICIO BERNAL,<br><br>         Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO and DOES 1–100,<br><br>         Defendants. | Case No.: 24-CV-1668 W (DEB)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT [DOC. 21].** |

Defendants, the County of San Diego and Does 1 through 100, move to dismiss Plaintiff's, Mauricio Bernal, Second Amended Complaint ("SAC"). [Doc. 21]. Mr. Bernal opposes. [Doc. 22]. The Court decides the matter on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons discussed below, the Court **GRANTS IN PART** and **DENIES IN PART** the motion to dismiss [Doc. 21].

**I.  BACKGROUND**

The factual background for this case has already been explored in this Court's prior order. (*See Order* [Doc. 17] at 1:24–28; 2:1–19.) In that order, the Court granted in part and denied in part Defendants' motion to dismiss the FAC, dismissing all claims except

for the Eighth Amendment and Bane Act claims against the Doe defendants. The Court also gave Plaintiff leave to amend his Monell, Battery, Fourth Amendment, and Fourteenth Amendment claims. (*Id.* at 22:23–28; 23:2–18.) However, Plaintiff's claims against Sheriff Martinez, the Intentional Infliction of Emotional Distress claim, and the direct claims against the County were dismissed without leave to amend. (*Id.*) The order also struck the references to "Keith's death" as immaterial. (*Id.*)

Plaintiff amended the FAC on May 12, 2025. (*SAC* [Doc. 19].) Defendants have moved to dismiss the SAC. (*Mtn.* [Doc. 21].) Plaintiff opposes. (*Opp'n* [Doc. 22].)

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pac. Police Depot*, 901 F.2d 696, 699 (9th Cir. 1990).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When considering a motion to dismiss, a court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). However, a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

Federal Rule of Civil Procedure 12(f) provides that a court "may order stricken from any pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382, at 706–07 (1990). "'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Id.* at 711; *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993).

### III.   DISCUSSION

Defendants have moved to dismiss all the claims against them and strike the references to "MARTINEZ" in the SAC. Each argument will be taken in turn.

#### A.   CONSTITUTIONAL CLAIMS

This Court previously found that Plaintiff sufficiently stated a claim under the Eighth Amendment. (*Order* at 23:9–10.) Plaintiff again asserts his Fourth and Fourteenth Amendment rights were violated in the SAC.

##### 1.   Fourth Amendment

Plaintiff alleges the pat down was an unreasonable search that violated his Fourth Amendment rights. (*SAC* at ¶¶ 67–68, 103–04.) In this Court's prior order, the Court found Plaintiff failed to state a claim that the search was unreasonable or an obvious danger. (*Order* at 11:21–22; 12:1–3.) For the same reasons as stated in this Court's prior order, Plaintiff has again failed to state a claim under the Fourth Amendment.

Plaintiff alleges the search was unreasonable because he was not attempting to leave the prison, bring anything into the prison, pose harm to anyone, and had never previously caused trouble nor attempted to break prison rules. (*SAC* at 14:9–14; 21:28; 22:1–5.) However, even if true, those facts do not render a prison search unreasonable given the prison safety and security concerns. *See Bell v. Wolfish*, 441 U.S. 520, 547–48, 560 (1979) ("Prison administrators therefore should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.").

Additionally, Plaintiff again fails to assert any facts showing that being forced to stand past the red line was an obvious danger rendering the search unreasonable. As explained in this Court's prior order, Plaintiff needed to allege facts showing that being forced to stand past the red line was likely to injure him. (*See Order* at 12:1–3.) However, there are no new facts alleged in the SAC showing that he was likely to be injured by standing past the red line or that it was an obvious danger. Plaintiff also asserts that the lines "can be found . . . near all prison doors to delineate where it is safe/unsafe for inmates to stand." (*SAC* at ¶ 22.) Even so, this conclusory statement is not enough to show that the red lines represent an obvious danger to those who stand past it. Again, Plaintiff has not shown that being forced to stand past the red line rendered the search unreasonable.

Plaintiff has failed to allege facts to state a claim that he was subject to an unreasonable search under the Fourth Amendment. Because Plaintiff has already had two opportunities to amend the Complaint, the Court finds that further amendments would be futile. Therefore, the Court will dismiss the Fourth Amendment claim without leave to amend. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (district courts may deny leave to amend where amendment would be futile).

///

///

///

**2.      Fourteenth Amendment**

Plaintiff alleges his Fourteenth Amendment due process rights were violated. (*SAC* at ¶¶ 62–65, 98–101.) Plaintiff alleges he was put into a position of obvious danger when forced to stand beyond the red line. (*Id.* at 14:21–22.) Plaintiff asserts that "these lines can be found at or near all prison doors to delineate where it is safe/unsafe for inmates to stand." (*SAC* at ¶¶ 62, 98.) However, as stated in this Court's previous order, the mere existence of the red line does not "necessarily suggest that it was intended to prevent injuries." (*Order* at 18:1–2.)

While Plaintiff alleges standing beyond the red line was intended to delineate safety, he fails to cite any injury or other safety incident besides his own. (*See SAC* at ¶¶ 64, 69–70, 101, 105–06.) Additionally, as explained above, Plaintiff has not pled any new facts showing that there was anything specific to the red line showing that it was an obvious danger.

Plaintiff has again failed to state a claim that his Fourteenth Amendment rights were violated. Having failed to state a claim after two amendments, the Court finds that further amendments would be futile. Therefore, Plaintiff's Fourteenth Amendment claim will be dismissed without leave to amend.

**B.      DOES 21-100 WILL BE STRUCK**

Defendants argue that the Doe defendants should be dismissed because Plaintiff has failed to meaningfully tie them to any of the claims. (*Mtn.* at 7–8.) In response, Plaintiff argues he "has gone beyond 'group pleading' by describing each subset of DOE defendants by role and conduct," but subsequently fails to identify the roles or conduct of Does 21 through 100. (*See Opp'n* at 7:7–19.) Because Plaintiff fails to tie Does 21 through 100 to his constitutional claims, references to Does 21 through 100 will be struck from the SAC. *See* Fed. R. Civ. P. 12(f).

///
///

### C.     *MONELL* CLAIMS AGAINST THE COUNTY

Plaintiff asserts two *Monell* causes of action against the County of San Diego for an (1) unconstitutional custom, policy, or practice and for (2) failure to train.  (*SAC* at 11:15–18; 19:6–9.)  Plaintiff brings these causes of action under the Fourth, Eighth, and Fourteenth Amendment.  (*SAC* at 11:21–23; 19:12–14.)  Under *Monell v. Dep't of Soc. Servs. of City of N.Y.*, municipalities cannot be held vicariously liable under Section 1983 for the actions of their employees.  436 U.S. 658, 692 (1978).  Instead, "a municipality can be found liable under § 1983 only where the municipality *itself* causes the constitutional violation at issue."  *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989) (emphasis in original).

Thus, to be liable under Section 1983 for a *Monell* claim, a plaintiff must establish: (1) his or her constitutional right was violated; (2) the municipality had a policy; (3) the policy "amounts to deliberate indifference" to plaintiff's constitutional right; and (4) the policy, custom, or practice is the "moving force behind the constitutional violation." *Lockett v. Cty. of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020) (citing *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011)).

To maintain a *Monell* claim, a plaintiff must first establish their constitutional rights were violated.  *Lockett*, 977 F.3d at 741.  As explained above, Plaintiff has failed to plead a constitutional violation under the Fourth and Fourteenth Amendments.  Accordingly, the *Monell* claims based on those constitutional claims fail.  Additionally, as explained below, Plaintiff has again failed to state a *Monell* claim based on an Eighth Amendment violation.

####     i.     **Unconstitutional Custom, Practice, or Policy**

To state a *Monell* claim based on an unconstitutional pattern and practice, Plaintiff must allege facts showing a custom that is so "persistent and widespread" that it establishes a "permanent and well settled city policy."  *Monell*, 436 U.S. at 690–91.  A municipal policy exists when "a deliberate choice to follow a course of action is made

from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986).

In the absence of an express policy, an unconstitutional pattern or practice may be inferred from pervasive evidence of "repeated constitutional violations" that are closely related to the alleged unconstitutional pattern and practice. *Gillette v. Delmore*, 979 F.2d 1342, 1349 (9th Cir.1992); *Oviatt v. Pearce*, 954 F.2d 1470, 1481 (9th Cir. 1992).

Plaintiff identifies no express County policy in his SAC. Instead, Plaintiff alleges the County had numerous unofficial policies, practices, and customs. (*See SAC* at ¶¶ 60(a–f), 76, 79(a–e), 81–82.) Despite the numerous unofficial practices Plaintiff alleges, Plaintiff has failed to show any injury, beside his own, that has occurred from standing past the red line. Further, while Plaintiff again makes note of the California State Audit Report, he again "fail[s] to draw comparisons between the report's findings and the facts of this case." (*Order* at 16:18–21); (*see SAC* at ¶¶ 77–78). Because Plaintiff has failed to state facts showing a pattern or practice of unconstitutional conduct, his *Monell* claim fails.

### ii.     **Failure to Train**

For a *Monell* claim for failure to train, Plaintiff must allege (1) inadequate training and (2) "deliberate indifference to the rights of persons with whom the [untrained employees] come into contact." *See Connick v. Thompson*, 563 U.S. 51, 61 (2011) (citation omitted) (bracket in original). In *Connick*, the Supreme Court explained,

> '[D]eliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." Thus, when city policymakers are on actual or constructive notice that a particular omission in their training program causes city employees to violate citizens' constitutional rights, the city may be deemed deliberately indifferent if the policymakers choose to retain that program.

*Id.* at 62 (citations omitted).  In order to demonstrate a municipality's policymakers had notice that their training program was inadequate, "[a] pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' . . . ." *Id.* at 62.  For a single constitutional violation to trigger government liability, the violation must be highly predictable and the obvious consequence of an inadequate training program. *Id.* at 63–64.

Plaintiff has again failed to allege sufficient facts to state a failure to train claim. Plaintiff asserts the County knew "[t]hese practices had been occurring well before the Subject Incident and had been complained of and reported to the COUNTY." (*SAC* at ¶¶ 71, 84, 90.)  Yet, Plaintiff fails to tie any of these complaints to this case.  Without that link, Plaintiff is unable to state a claim that the County was aware of a training failure. Accordingly, the *Monell* claim based on failure to train fails.

### iii.     The *Monell* Claims Will Be Dismissed Without Leave to Amend

Plaintiff has again failed to state a *Monell* claim against the County.  Because Plaintiff has already had two opportunities to amend his *Monell* claims, the Court finds that further amendments would be futile.  Accordingly, the *Monell* claims will be dismissed without leave to amend.

### D.     THE *MONELL* CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS

Plaintiff again asserts *Monell* claims against the individual defendants. (*See SAC* at 11, 19.)  However, Defendants correctly point out this Court previously found that *Monell* claims cannot be maintained against individual defendants and dismissed those claims without leave to amend. (*See Order* [Doc. 17].)  Those claims are dismissed without leave to amend.

///
///
///

### E. THE REFERENCES TO MARTINEZ WILL BE STRUCK

The Court previously dismissed all claims against Sheriff Martinez without leave to amend. (*See Order* at 22:25–26.) Therefore, the references to "MARTINEZ" will be struck from the SAC. *See* Fed. R. Civ. P. 12(f).

### F. BATTERY CLAIM

To establish a claim for battery in California, a plaintiff must show a nonconsensual, intentional, unlawful, and harmful contact by one person with the person of another. *See Ashcroft v. King*, 228 Cal. App. 3d 604, 611–12 (1991). As Defendants point out, a plaintiff must also prove that an officer used unreasonable force. *Edson v. City of Anaheim*, 63 Cal. App. 4th 1269, 1272 (1998) ("[a] [p]laintiff must prove unreasonable force as an element of the tort [battery]."); *see also Yount v. City of Sacramento*, 43 Cal. 4th 885, 902 (2008) ("Indeed, Yount's common law battery cause of action, like his section 1983 claim, requires proof [the officer] used unreasonable force.").

Plaintiff fails to sufficiently plead facts to prove intentional, unreasonable force. Plaintiff asserts he "was pushed forcefully by DOES 1-5 past the line, held, and forced to remain there, causing his finger to be amputated." (*SAC* at ¶ 138). However, the SAC fails to explain how the officers caused the Plaintiff's finger to be amputated. For example, Plaintiff does not assert that the metal door was intentionally shut on his hand or that the officers held Plaintiff's hand in the doorway. Although Plaintiff asserts he was forcefully pushed past the red line, that alone does not render the search unreasonable as to constitute a battery. Therefore, Plaintiffs battery claim fails and will be dismissed without leave to amend because further amendments would be futile.

### G. CALIFORNIA BANE ACT CLAIMS

This Court has already denied a motion to dismiss the Bane Act claim because Plaintiff sufficiently pled an Eighth Amendment claim and a Bane Act claim against

Does 1 through 20.  Accordingly, the motion to dismiss the Bane Act claim will be denied.

### H.  CONCLUSION

The Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion to dismiss the SAC.  The motion to dismiss is **DENIED** as to the Bane Act claim but is **GRANTED** as to all other claims **WITHOUT LEAVE TO AMEND**.  Additionally, the Court **DISMISSES** Doe defendants 21 through 100 and **STRIKES** the references to "MARTINEZ."  The case will proceed as to Plaintiff's Eighth Amendment and Bane Act claims against the remaining Doe defendants.

**IT IS SO ORDERED.**

Dated:  July 31, 2025

_____
Hon. Thomas J. Whelan
United States District Judge