UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MAURICIO BERNAL, an individual,

Plaintiff,

v.

COUNTY OF SAN DIEGO, a government entity; RICHARD PHAM, an individual; T. GONZALEZ, an individual; and DOES 1 through 20.

Defendants.

Case No.: 24-cv-01668-W-DEB

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT [DOC. 41]**

The County of San Diego, Richard Pham, T. Gonzalez, and Does 1 through 20 ("collectively Defendants"), move to dismiss Mauricio Bernal's ("Plaintiff") third amended complaint ("TAC"). (*Mtd.* [Doc. 41].) Plaintiff opposes. (*Opp'n* [Doc. 46].) Defendants filed a reply in support of their motion to dismiss. (*Reply* [Doc. 47].) The Court decides the matter on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons discussed below the Court **DENIES IN PART** and **GRANTS IN PART** Defendants' motion to dismiss. [Doc. 41.]

## I. BACKGROUND

This lawsuit arises out of events that allegedly took place at the San Diego County Jail ("SDCJ"). (*TAC* [Doc. 35] at ¶ 21.) Plaintiff, an inmate at the jail, alleges that on July 25, 2023, at approximately 7:00 a.m., he and other inmates were lined up "near a metal staff sliding door to be patted down by floor deputies." (*Id.* at ¶¶ 21–23.) Defendants Pham and Gonzalez were the floor deputies tasked with pat-down searches at the time. (*Id.* at ¶ 24.) Plaintiff alleges that video footage showcases him positioned near the open metal staff doorway and being pat-down by Pham and Gonzalez as the door begins to close. (*Id.* at ¶ 25.) In the video, Pham and/or Gonzalez are "seen pushing and/or guiding Plaintiff's arms upwards towards the moving door," which caused Plaintiff to place his hands on the "wall/door" area while it was closing. (*Id.*) The heavy metal door then closed on Plaintiff's right hand, "causing the amputation of his thumb and permanent injury to his index finger ("Subject Incident")." (*Id.*) Plaintiff alleges he experienced "severe pain and shock" and "was transported to Scripps Mercy Hospital for medical attention." (*Id.*)

Following the Subject Incident, Plaintiff alleges Does 1–20 denied him from being "treated by the infirmary every day, like [Plaintiff] was supposed to," and denied providing Plaintiff with "any other medical documents or updates regarding Plaintiff's medical condition or the needed care for his fingers." (*Id.* at ¶ 26.) One or two days after the Subject Incident, Does 1–20 ordered Plaintiff to work and take out the trash, consciously disregarding his "open and exposed wound" and increasing his emotional suffering. (*Id.* at ¶ 27.) Plaintiff alleges his emotional suffering was further exacerbated by Does 1–20's mockery and taunting: they would give him "thumbs up" gestures and drew a severed finger on a sliding door with a marker. (*Id.* at ¶¶ 28–30.) Plaintiff alleges the acts and omissions of Defendants caused him to suffer constitutional violations, physical and emotional damages, medical expenses, and impairment of earning potential. (*Id.* at ¶ 32.)

In a prior order, this Court granted in part and denied in part Defendants' motion to dismiss the second amended complaint ("SAC"). (*Second Order* [Doc. 24] at 10.) The case was ordered to "proceed as to Plaintiff's Eighth Amendment and Bane Act Claims

against the remaining Doe defendants [Does 1–20].” (*Id.*) Plaintiff filed the TAC on January 9, 2026, which Defendants now move to dismiss. (*TAC*; *Mtd.*)

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for “failure to state a claim upon which relief can be granted.” Fed. R. Civ. P. 12(b)(6). “A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief.” Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pac. Police Depot*, 901 F.2d 696, 699 (9th Cir. 1990).

“[A] plaintiff’s obligation to provide the ‘grounds’ of his ‘entitle[ment] to relief’ requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.” *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When considering a motion to dismiss, a court must accept as true all “well-pleaded factual allegations.” *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). However, a court is not “required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.” *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). “In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.” *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

## III. Discussion

### A. Plaintiff Properly Redlined the SAC

As a preliminary matter, Defendants allege that Plaintiff failed to comply with the Southern District of California’s Local Rule 15.1(b) which requires an amended pleading to show how the “proposed amended pleading differs from the operative pleading,” such

as through redlining or strikeouts. S.D. Cal. Local Rule 15.1(b). This argument lacks merit. Plaintiff has attached a marked-up version of the SAC that clearly delineates the differences between the SAC and TAC. (*See* [Doc. 35-1].) Therefore, Defendants' suggestion that Plaintiff be sanctioned is improper.

**B. The Negligence Claim is Within the Scope of the TAC**

Defendants also categorize Plaintiff's negligence claim as an effort of "gamesmanship," alleging that it is an improper re-assertion of previously dismissed battery, unlawful search, and *Monell* claims. (*Mtd.* at 4:3–28.) In a Court granted joint stipulation, the parties agreed that "[b]ased on the new information provided in discovery, Plaintiff may file the Third Amended Complaint." (*Joint Stipulation* [Doc. 33] at 3:18–19.) The stipulation also stated that "Plaintiff will not re-assert any causes of [action] or issues previously considered and ruled upon by the Court in the Court's prior Motion to Dismiss Order." (*Id*. at 3:24–26.) Therefore, Defendants argue that Plaintiff's negligence claim is "outside the scope of this Court's prior orders and joint motion." (*Id.* at 4:9–10.) This Court disagrees.

Upon the new information uncovered in discovery, Plaintiff is alleging negligence liability based on Defendants' breach of the "special relationship between jailer and prisoner" which imposes a duty on the former to care for the latter. *Giraldo v. Department of Corrections & Rehabilitation*, 168 Cal. App. 4th 231, 251 (2008). This allegation is predicated on its own elements that are distinct from battery, an unlawful search, and *Monell* claims. Therefore, the negligence claim is not outside the scope of the amendments previously permitted by this Court.

**C. The Negligence Claim Against Pham and Gonzalez is Not Time Barred**

Next, Defendants argue that the negligence claim against Pham and Gonzalez should be dismissed because it is time barred under California's two-year statute of limitations for negligence. *See* Cal. Code Civ. Proc. § 335.1; (*Mtd*. at 6:17–18.) In contrast, Plaintiff argues that Federal Rule of Civil Procedure 15(c) permits the addition of Pham and Gonzalez as Defendants because the amendment relates back to the date of the

original complaint. (*Opp'n* at 11:4–13:18.)

Under Rule 15(c)(1)(A), an amendment relates back when "the law that provides the applicable statute of limitations allows relation back." Here, because California law supplies the applicable statute of limitations for Plaintiff's negligence claim, the Court considers both California and federal law and applies whichever provides the more permissive relation back standard. *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1201 (9th Cir. 2014) (explaining that Rule 15(c)(1) requires courts to consider both state and federal law and apply the more permissive relation-back standard.)

Under Rule 15(c), an amendment relates back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading," and "the amendment changes the party or naming of the party against whom a claim is asserted." Fed. R. Civ. P. 15(c)(1)(A); (c)(1)(B); 15(c)(1)(C). The newly named party must have "received such notice of the action that it will not be prejudiced" and "knew or should have known that the action would have been brought against it, but for a mistake concerning the party's proper identity." Fed. R. Civ. P. 15(c)(1)(C)(i); 15(c)(1)(C)(ii). A mistake encompasses "a wrong action or statement proceeding from faulty judgment, inadequate knowledge, or inattention." *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 548–49 (2010) (citing Webster's Third New International Dictionary 1446 (2002)). The relevant inquiry is whether the "prospective *defendant* knew or should have known [the Doe's identity] . . . not what the *plaintiff* knew or should have known at the time of filing her original complaint." *Id.* at 548.

Here, in the government claim and original complaint, Plaintiff alleges that there were unidentified deputies who were responsible for amputating his thumb with the metal door. The government claim states "[o]ne San Diego Sheriff Deputy ordered Claimant to line up against the wall near a sliding door" and "a San Diego Sherriff Deputy shut the door on CLAIMANT'S dominant right hand, amputating his thumb and permanently injuring his index finger." (*Gov. Tort Claim* [Mtd Exh. A] at 6.) The original complaint

states that "DOES 1 – 5 forcefully and aggressively directed Plaintiff to the location where Plaintiff was to stand," and "DOES 6 – 10 shut the metal sliding door on Plaintiff's dominant right hand, amputating his thumb and permanently injuring his index finger." (*Compl.* at ¶¶ 21–22.) Therefore, up until the TAC, Plaintiff consistently alleged that unidentified deputies caused his injury, such that it is clear the amended complaint "arose out of" the same occurrence set out in both the original complaint and government claim, and that Plaintiff's "mistake concerning the party's proper identity"[1] and labeling them as Does was the result of a lack of knowledge. *See* Fed. R. Civ. P. 15(c)(1)(B); 15(c)(1)(C)(ii).

It is also reasonable to conclude that the County, Pham, and Gonzalez knew that they were the deputies described as Does in the government claim and original complaint. They were likely aware of the government claim, ongoing litigation, and had access to the footage eventually disclosed in discovery. Defendants therefore "knew or should have known" the identities of the deputies involved in the incident who Plaintiff sought to state a claim against. *See* Fed. R. Civ. P. 15(c)(1)(C)(ii). Constructive notice is also satisfied when a newly named defendant has a "sufficient community of interest" with an already named defendant "to justify imputing knowledge of the action from the former to the latter." *Mayshack v. Gonzales*, 437 Fed. Appx. 615, 621 (2011) (quoting *G.F. Co. v. Pan Ocean Shipping Co., Ltd.*, 23 F.3d 1498, 1503 (9th Cir. 1994)). In *Mayshack*, the newly named defendant, who had previously been identified as a "unknown sheriff's deputy,"

[1] Defendants argue that "[i]gnorance of an individual's name does not constitute a mistake for the purposes of Rule 15," citing *Boss v. City of Mesa*, 746 Fed. Appx. 692, 695 (2018) for support. (*Reply* at 3:21–22). *Boss* states, "[r]eplacing a 'John Doe' defendant with the actual name of a defendant is not a 'mistake' that allows relation back under Rule 15(c)(1)(C)." However, as the court in *Clark v. Wash. Dep't of Corr.*, 2026 U.S. Dist. LEXIS 86469 at * 10 (2026) makes clear, "in *Boss*, the plaintiff conceded that there was no mistake regarding the proper parties' identities, and that he simply wanted to replace a John Doe with a named defendant." This form of replacement does not constitute a mistake sufficient to relate back under Rule 15. Here, however, as already articulated, Plaintiff is not arbitrarily replacing Does with Pham and Gonzalez but has identified them through discovery.

had a "sufficient community of interest" with the named defendant because he was the named defendant's employee and shared an attorney. *Id.* at 619, 621. The same is true here: Pham and Gonzalez are employed by the County and share an attorney. Thus, Plaintiff has satisfied the technical elements of Rule 15 since the amendment arises out of the same factual occurrence alleged in the original complaint, Plaintiff was mistaken as to the identities of Pham and Gonzalez, and Defendants knew or should have known that, but for Plaintiff's mistake, they would have been named.

Defendants nevertheless contend that Plaintiff failed to satisfy Rule 15's technical requirements because the TAC retains the same number of Doe Defendants even though Pham and Gonzalez have now been identified. In doing so, Defendants improperly import a requirement of California Civil Procedure § 474 into the federal relation back analysis. Section 474, California's relation back provision, permits a plaintiff to sue an unidentified defendant under a fictious designation and later amend the complaint to substitute the defendant's true name. Strict compliance with § 474 is not required, and California policy requires the statute be liberally construed. *See Lindley v. Gen. Elec. Co.*, 780 F.2d 797, 801 (1986); *Woo v. Superior Ct.*, 75 Cal. App. 4th 169, 177 (1999). Accordingly, when a plaintiff fails to substitute a newly identified defendant for a fictitious Doe defendant, California courts "have considered noncompliance with the party substitution requirements of section 474 as a procedural defect that could be cured and have been lenient in permitting rectification of the defect." *Woo*, 75 Cal. App. 4th at 177 (citing *Streicher v. Tommy's Electric Co.*, 164 Cal. App. 3d 876, 884–885 (1985); *Liberty Transport, Inc. v. Harry W. Gorst Co.*, 229 Cal. App. 3d 417, 428 (1991)).

Thus, although Plaintiff may not have strictly complied with § 474[2], Plaintiff satisfied the requirements of Rule 15(c). Because the federal standard is more permissive, the Court applies Rule 15's relation back standard. Under that standard, Plaintiff's claims

---

[2] If Plaintiff had strictly complied with § 474, Pham and Gonzalez would have been substituted as Doe Defendants, which would take the number of Doe Defendants from 1–20 to 1–18.

against Pham and Gonzalez relate back to the original complaint and are therefore not barred by the statute of limitations.

### D. Substantial Compliance with the Government Tort Claim

Under California Government Code § 910, a claim must provide the claimant's name, address, date, place, and circumstances of the occurrence; a general description of the injury, damage, or loss; the names of the responsible employees, if known; and the amount of the claim. Cal. Gov't Code § 910. Although the California Government Claims Act generally requires the identification of the public employees who caused the alleged injury, a claimant may "plead[] and prove[]" that their identities were unknown or unknowable at the time the claim was submitted. Cal. Gov't Code § 950.4. To assert a California state law claim against a public entity, there must be sufficient claim presentation. Cal. Gov't Code § 945.4.

The California Supreme Court has explained that "a defect in the form of compliance is not fatal so long as there is substantial compliance with the essentials of the requirement." *Hall v. Los Angeles*, 19 Cal. 2d 198, 202 (1941). In *Dillard v. County of Kern,* the court found substantial compliance in the claim presented to the public entity when the claimants omitted the identities of the individuals who caused the damage but provided clear "details as to the nature of the claim," "[t]he time and place of the collision," and "[t]he extent and amount of the injury or damage." *Dillard v. Cty. of Kern*, 23 Cal. 2d 271, 278 (1943).

Furthermore, California courts have recognized that "a claim that substantially fails to comply . . . may still be considered . . . if it puts the public entity on notice both that the claimant is attempting to file a valid claim and that litigation will result if the matter is not resolved." *Del Real v. City of Riverside*, 95 Cal. App. 4th 761, 769 (2002). As the California Supreme Court has explained, the Act's purpose is "to give the entity the opportunity to investigate and settle the claim before suit [i]s brought." *State of California v. Superior Ct.*, 32 Cal. 4th 1234, 1244, 90 P.3d 116, 121 (2004). The California Supreme Court explained further:

> The statute does not require that the officers or employees be named or that their duties or official capacity be described. If the purpose of the statute is to enable the county to make an investigation and determine the claim on the merits, there is substantial compliance when it is advised that . . . its agents and servants caused the injury without further describing them. The employer . . . is more apt to know the names and capacities of its employees.

*Dillard*, 23 Cal. 2d at 278.

Here, Plaintiff's government claim includes the basic necessary information (name, date, place of occurrence) as well as indicating that he believed certain deputies with unknown identities were responsible for causing his injury. For example, the government claim alleges that "[o]ne San Diego Sheriff Deputy ordered Claimant to line up against the wall near a sliding door" and "a San Diego Sherriff Deputy shut the door on CLAIMANT'S dominant right hand, amputating his thumb and permanently injuring his index finger." (*Gov. Tort Claim* at 6.) It also alleges that deputies violated Claimant's federal civil rights and state constitutional rights through several actions, including depriving him of "freedom from cruel and unusual punishment." (*Id.*) Therefore, the government claim contains sufficient information to substantially comply with Government Code § 910.

**1. Notice of State Claims**

Defendants, however, argue that Plaintiff's government claim failed to provide notice of his negligence and Bane Act claims. (*Mtd.* at 5:3–6:11.) They contend that this case is analogous to *Fall River Joint Unified School District v. Superior Court*, 206 Cal. App. 3d. 431, 434 (1988). There, a defective door slammed the plaintiff's head against a steel door frame, and the original complaint alleged that the defendant was liable for "knowingly allowing a dangerous condition" or negligently maintaining the school premises. *Id.* at 434. The plaintiff later amended the complaint to allege a new claim for negligently failing to supervise students. *Id.* The court held that the new claim was barred because it was based "on an entirely different factual basis than what was set forth in the tort claim." *Id.* at 435. They reasoned "that negligently maintaining an unsafe structural or

mechanical condition . . . [was not] the 'factual equivalent' of failing to" supervise students. *Id.*

Plaintiff, in contrast, contends that this case is more analogous to *Stockett v. Association of California Water Agencies Joint Powers Insurance Authority*, 34 Cal. 4th 441 (2004). There, the plaintiff alleged that he had been wrongfully terminated for reasons including his support of an employee's sexual harassment claim and objections to insurance bidding. *Id.* at 444. The plaintiff later amended his complaint to allege that "exercising his First Amendment right of free speech" was a reason for his termination. *Id.* The California Supreme Court held that the new theory did not constitute an additional claim because it arose from the same factual basis. *Id.* at 448–449. The court explained that "if the claim gives adequate information for the public entity to investigate, additional detail and elaboration in the complaint is permitted." *Id.* at 449.

The same reasoning as *Stockett* applies here. Plaintiff's government claim can be reasonably read as alleging that deputies were responsible for his injury. Although the government claim and TAC articulate different theories of how the injury occurred—the government claim alleges that a deputy "shut the door" on Plaintiff's finger, while the TAC alleges that the deputies' negligence caused the door to shut on his finger—both attribute responsibility for the injury to the deputies. Unlike in *Fall River*, where responsibility was attributed first to negligent structural maintenance and later to negligent supervision of students, the government claim and TAC here concern the same general conduct and alleged injury. Thus, as in *Stockett*, the government claim provided sufficient information for the County to investigate the underlying incident and the deputies' role in causing Plaintiff's injury. Accordingly, this Court agrees with Plaintiff that the negligence claim against Pham and Gonzalez is based on the same factual foundation as the government claim and may proceed.

This Court next considers whether the government claim provided sufficient notice of Plaintiff's negligence and Bane Act claims as to the remaining Defendants.

**a) Notice of Negligence: Does 1–20**

As the negligence claim concerns Does 1–20, who are the correctional officers who allegedly refused Plaintiff the ability to receive daily infirmary treatment and taunted the amputation of his thumb, there is as discrepancy between the factual foundation of the injuries alleged in the government claim and the injuries alleged in the TAC. The government claim does not allege anything about the aftermath of the incident, including Plaintiff being taunted, denied medical treatment[3], or being forced to handle trash with an open wound such that the County would have been on notice of this claim or injury. (*See Gov. Tort Claim*.) It simply alleges that deputies shut the door on Plaintiff's finger. (*Id.*) Without the government claim alleging anything beyond the immediate incident that caused injury to his finger, Plaintiff failed to put the County on notice and provide them with the opportunity to investigate how Does 1–20 are liable for negligence. Because satisfying the California Government Claims Act is a prerequisite to bringing a claim forward, Plaintiff cannot cure this defect by amending the TAC. Therefore, the negligence claim against Does 1–20 is **DISMISSED WITHOUT LEAVE TO AMEND**.

**b) Notice of Negligence Against the County**

This Court does not need to decide whether the government provided the County with sufficient notice of the negligence claim against them because the County is immune. "[A] public entity is not liable for: (1) an injury proximately caused by any prisoner; (2) an injury to any prisoner." Cal. Gov't. Code 844.6(a). Subject to certain statutory exceptions[4], attempting to hold a public entity liable for an injury will fail. *See Gilbert v. Cnty. of Los Angeles*, No. CV 19-08599 MWF (RAOx), 2022 WL 18110848, at *22 (C.D.

---

[3] The denial of medical treatment is discussed below.

[4] The exceptions listed in Section 844.6 include: liability based on a contract (814); repealing any provision of Division 4 or 4.5 (814.2); inference with the right for a prisoner to obtain judicial determination or review confinement (845.4); liability for knowing that a prisoner is in need of immediate medical care and failing to furnish such care (845.6). These exceptions are not relevant to Plaintiff's negligence claim.

Cal. November 29, 2022) ("[B]ecause Plaintiffs seek to hold the County liable for an 'injury to a prisoner,' their negligence claim against the County fails.") However, "[n]othing in this section exonerates a public employee from liability for injury proximately caused by his negligent of wrongful act or omission." Cal. Gov't. Code 844.6(d). Therefore, the negligence claim against the County is **DISMISSED WITHOUT LEAVE TO AMEND**.

**c) Notice of the Bane Act Claim Against Does 1–20**

Regarding the Bane Act, this Court agrees with Defendants that the government claim failed to provide notice to Does 1–20. (*Mtd*. at 6:15–28.) In the TAC, Plaintiff alleges that Does 1–20 violated the Eighth and Fourteenth Amendments, as well as the California Constitution, Article 1, §§ 1 and 7. (*TAC* at ¶ 50.) However, this Court's prior orders have determined that Plaintiff's Bane Act claim is viable only to the extent it is based on the Eighth Amendment, and that Plaintiff has failed to state claims under the Fourteenth Amendment and the California Constitution. (*First Order* [Doc. 17] at 21:3–19; *Second Order* at 9:27–28). Therefore, the relevant inquiry is whether the government claim provided the County with notice of Plaintiff's alleged Eighth Amendment violation.

Although the Bane Act is expressly identified in the government claim, the reference alone is insufficient to provide notice of the particular conduct underlying the claim. (*See Gov. Tort Claim* at 6.) The government claim must contain facts to indicate, at least generally, how Does 1–20 allegedly violated Plaintiff's rights. Here, the government claim alleges that Plaintiff was denied several constitutional deprivations. (*Gov. Tort Claim* at 6.) However, it does not allege that Plaintiff was denied, delayed, or otherwise deprived of adequate medical treatment. (*See id*.) The absence of any allegation concerning improper medical treatment failed to provide the County with notice that it should investigate whether Does 1–20 caused Plaintiff harm through inadequate medical care.

The TAC, by contrast, bases Plaintiff's Bane Act claim on allegations that Does 1–20 were deliberately indifferent to Plaintiff's serious medical needs. (*See TAC* at ¶ 53.)

Because that factual theory was not presented in the government claim, the TAC asserts a materially different factual basis for the Bane Act than the one presented to the County. Accordingly, the Bane Act[5] claim against Does 1–20 is **DISMISSED WITHOUT LEAVE TO AMEND**.

**E. The Surviving Negligence Claim Against Pham and Gonzalez**

Defendants also argue that Plaintiff fails to assert a valid negligence claim because the "TAC lacks any facts to show that the alleged duties and breach caused Plaintiff's injuries," and "also failed to plead causation and damages." (*Mtd.* at 9:3–27.) This Court disagrees.

To state a valid negligence claim against Pham and Gonzalez, Plaintiff must establish duty, breach, causation, and damages. *See Ortega v. Kmart Corp.*, 26 Cal. 4th 1200, 1205 (2001). Jail officials owe "a duty to exercise reasonable care in conducting searches and operating jail facilities to prevent foreseeable injuries to inmates in their custody," and such duty arises from a special "jailer – prisoner" relationship. (*TAC* at ¶¶ 59–60); *see Giraldo v. Dep't of Corr. & Rehab*., 168 Cal. App. 4th 231, 252–53 (2008) (explaining "there is a special relationship between jailer and prisoner which imposes a duty of care on the jailer to the prisoner.") "[A] jail guard does have a duty to protect inmates, [but] that duty extends only to reasonably foreseeable harm." *Harding v. City & County of San Francisco*, 602 Fed. Appx. 380, 383 (9th Cir. 2015).

In *Harding*, the tip of the plaintiff's finger was "severed when a door slammed on it during a routine pat-down search" by a deputy. *Id.* at 382. There, the deputy conducting the search did not direct, guide, or tell the plaintiff to place her hand on the door frame. *Id.* Because plaintiff "voluntarily placed her hand on the door frame," the court characterized the incident as an "unfortunate accident." *Id.* Ultimately, the court concluded that the deputy "had no duty to ensure that [plaintiff] did not place her own finger in the door

---

[5] Defendants raise several other issues with the Bane Act claim. However, since the Court finds the Bane Act to be improperly pled, it need not address the remaining arguments.

frame." *Id.* at 383–84 (citing *Beninati v. Black Rock City, LLC*, 175 Cal. App. 4th 650, 658, 96 Cal. Rptr. 3d 105 (2009) (defendant not liable for negligence because it had no duty to protect the plaintiff from an obvious risk that the plaintiff knowingly assumed)).

This case is distinguishable from *Harding* because Plaintiff alleges he was lined up near a closing, sliding, metal door while inmates received pat-down searches, and that Pham and Gonzalez guided and/or pushed his arms up against the closing door. (*TAC* at ¶ 25.) Thus, the incident cannot be characterized as the unfortunate result of Plaintiff's own decision-making. Instead, Plaintiff alleges that this conduct breached the jailer's duty to keep him safe from unreasonable harm since it caused him to place his fingers in harms way. (*TAC* at ¶¶ 60–62.) Further, Plaintiff alleges that he has suffered several damages because of this incident, including physical impairment, grief, anxiety, and past and future medical expenses. (*TAC* at ¶ 32.) Therefore, Plaintiff has adequately alleged duty, breach, causation, and damages, such that Defendants' motion to dismiss the negligence claim against Pham and Gonzalez is **DENIED**.

### F. The Eighth Amendment Claim Against Does 1–20 – Deliberate Indifference to Serious Medical Needs § 1983 – is Sufficient

Lastly, Defendants argue that the Plaintiff has improperly used "group pleading" to state allegations against Does 1–20. (*Mtd.* at 12:4–13:27.) This Court disagrees.

While the Federal Rules of Civil Procedure do not explicitly allow the naming of fictious or anonymous parties, "where the identity of the alleged defendant is not known prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Hernandez v. San Bernardino Cnty.*, 2023 WL 3432206, at *3 (C.D. Cal. Jan. 26, 2023) (quoting *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999)). Still, a "Section 1983 action must allege how each individual defendant directly participated in the violation of the plaintiff's rights." *Id.* Thus, while a plaintiff "may refer to unknown defendants as Defendant John Doe 1, John Doe 2, John Doe 3 and so on . . . he must

allege specific facts showing how each particular doe defendant violated his rights." *Keavney v. Cnty. of San Diego*, 2020 WL 4192286, at *4 (S.D. Cal. July 21, 2020). The reason behind these requirements is to give named defendants "crucial notice of the nature of the claims" at issue. *Mendoza v. Cnty. of San Bernardino*, 2020 WL 2066142, at *4 (C.D. Cal. Feb. 21, 2020) (noting that allegations must be "sufficient to describe the involvement" of doe defendants and "put the County on notice of the nature of the claim against it.").

Here, Plaintiff has described the specific conduct of the Does and how such conduct violated Plaintiff's Eighth Amendment rights by being deliberately indifferent to his serious medical needs. For instance, the TAC alleges that Does 1–20 are liable for the following conduct:

- Failing to provide Plaintiff with adequate medical care. (*TAC* at ¶ 36.)
- Being deliberately indifferent to Plaintiff's known medical needs by failing to furnish medical documentation or updates, ordering him to take out the trash and disregarding the risk of infecting his open wound, and taunting him with "thumbs up" gestures and by drawing a severed finger on the door frame. (*TAC* at ¶ 40.)
- Refusing to allow Plaintiff to get his finger treated every day "like he was supposed to." (*TAC* at ¶ 40.)

These allegations—which specifically identifies the conduct Does 1–20 are allegedly liable for—are sufficient to put the County on notice of the nature of this § 1983 claim and to permit Plaintiff to attempt to uncover the Doe's identities through discovery.

Defendants also argue that the TAC has broadened the allegations against the Does by alleging that they are responsible for negligence and "unrelated medical treatment." (*Reply* at 9:19). However, this order makes clear that the negligence claim is not applicable to Does 1–20 and the inadequate medical treatment alleged is directly related to the injury suffered. Therefore, the claim against Does 1–20 was not improperly broadened and is sufficiently pled at this stage, such that Defendants' motion to dismiss the § 1983 claim against Does 1–20 is **DENIED**.

## IV. CONCLUSION & ORDER

For the reasons discussed above, this Court **GRANTS IN PART AND DENIES IN PART** Defendants' motion to dismiss [Doc. 41] and **ORDERS** as follows:

- Defendants' motion to dismiss Plaintiff's first claim for deliberate indifference to serious medical needs against Does 1–20 is **DENIED.**
- Defendants' motion to dismiss Plaintiff's second claim for violation of the Bane Act against Does 1–20 is **GRANTED WITHOUT LEAVE TO AMEND**.
- Defendants' motion to dismiss Plaintiff's third claim for negligence against the County and Does 1–20 is **GRANTED WITHOUT LEAVE TO AMEND** but is **DENIED** as to Defendants Pham and Gonzalez
- The fourth amended complaint shall be filed no later than **September 16, 2026**.

**IT IS SO ORDERED.**

Dated: September 2, 2026

Hon. Thomas J. Whelan
United States District Judge